**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4190**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHEN J. PIERRE-PAUL,

Defendant - Appellant.

**No. 22-4191**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE RICARDO TAYLOR,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Retired District Judge.  (1:21-cr-00144-TSE-2; 1:21-cr-00144-TSE-4)

Submitted:  October 29, 2024                    Decided:  January 7, 2025

––––––––––––––

Before RICHARDSON, BENJAMIN, and BERNER, Circuit Judges.

––––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––––

**ON BRIEF:**  Lana Manitta, LAW OFFICE OF LANA MANITTA, PLLC, Purcellville, Virginia, for Appellant Stephen J. Pierre-Paul.  Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant Wayne Ricardo Taylor.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Ronald L. Walutes, Assistant United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Stephen J. Pierre-Paul and Wayne Ricardo Taylor appeal their convictions and sentences after a jury trial for carjacking, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2119, 2, obstructing commerce by robbery, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1951(a), 2, and using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2. We affirm.

The Appellants assert that the trial evidence was insufficient to show that they aided and abetted the carjacking, robbery, and possession of a firearm in furtherance of a crime of violence. We view the evidence in the light most favorable to the Government to determine whether the guilty verdicts are supported by substantial evidence. *United States v. Bailey*, 819 F.3d 92, 95 (4th Cir. 2016). Substantial evidence is "evidence that a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *Id.* (quoting *United States v. Wilson*, 198 F.3d 467, 470 (4th Cir. 1999) (internal quotation marks omitted)). "In determining whether there is substantial evidence to support a verdict, [this Court] defer[s] to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they 'are within the sole province of the jury and are not susceptible to judicial review.'" *United States v. Louthian*, 756 F.3d 295, 303 (4th Cir. 2014) (quoting *United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995)). In fact, this Court must assume that the jury resolved all contradictions in testimony in the Government's favor. *United States v. Freitekh*, 114 F.4th 292, 308 (4th Cir. 2024). "'[I]f the evidence supports different, reasonable interpretations,

the jury decides which interpretation to believe.'" *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

We have reviewed the record including the trial testimony and conclude that substantial evidence supports the convictions. Viewing the evidence in the light most favorable to the government, we conclude that the testimony supports the jury's finding that the Appellants had roles in aiding and abetting the carjacking and robbery. And the evidence shows that the Appellants had advance knowledge that a firearm would be employed in furtherance of the crimes. *See Rosemond v. United States*, 572 U.S. 65, 67, 78 (2014) (setting requirement that defendant have advanced knowledge that a firearm would be used).

We also conclude that there was no plain error in the district court's admission of evidence showing the Appellants' consciousness of guilt. *See United States v. Hart*, 91 F.4th 732, 741 (4th Cir. 2024) (noting that witness intimidation can be evidence of consciousness of guilt). And we conclude that the court did not err in applying the Sentencing Guidelines' enhancement for obstruction of justice. U.S. Sentencing Guidelines Manual § 3C1.1 (2018). The court's finding that the Appellants' statements to the witness were clearly intimidating is not clearly erroneous.

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4